**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-4601

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

    v.

LUIS GUZMAN-VILLA, a/k/a David Roque-Sanchez, a/k/a Miguel
Ordaz-Chavez, a/k/a Benito Goicochea Pineda,

                Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro. James A. Beaty, Jr.,
Chief District Judge. (1:12-cr-00044-JAB-1)

Submitted: January 29, 2013       Decided: February 7, 2013

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen III, Federal Public Defender, Mireille P. Clough,
Assistant Federal Public Defender, Winston-Salem, North
Carolina, for Appellant. Angela Hewlett Miller, Assistant
United States Attorney, Greensboro, North Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Luis Guzman-Villa pled guilty, pursuant to a written plea agreement, to illegal reentry after having been convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2) (2006). He was sentenced to fifty months' imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no nonfrivolous grounds for appeal, but asking us to review the reasonableness of the fifty-month sentence. Although advised of his right to file a pro se supplemental brief, Guzman-Villa has not done so. We affirm.

We review Guzman-Villa's sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 46, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. We first assess whether the district court properly calculated the advisory Guidelines range, considered the factors set forth in 18 U.S.C. § 3553(a) (2006), analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. at 49–51; see United States v. Lynn, 592 F.3d 572, 575–76 (4th Cir. 2010). If there is no procedural error, we review the substantive reasonableness of the sentence, "examin[ing] the totality of the circumstances to see whether the sentencing

2

court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). If the sentence is within the defendant's properly calculated Guidelines range, we apply a presumption of reasonableness. United States v. Abu Ali, 528 F.3d 210, 261 (4th Cir. 2008); see Rita v. United States, 551 U.S. 338, 347 (2007) (permitting appellate presumption of reasonableness for within-Guidelines sentence).

We have thoroughly reviewed the record and conclude that the sentence is both procedurally and substantively reasonable. We discern no error in the district court's computation of the applicable Guidelines range, the opportunities it provided Guzman-Villa and his counsel to speak in mitigation, or its explanation of the sentence imposed by reference to the relevant § 3553(a) factors. Nor do we find any basis in the record to overcome the presumption of reasonableness we accord this within-Guidelines sentence.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. Guzman-Villa's guilty plea was knowingly and voluntarily entered and supported by an independent basis in fact. We therefore affirm the judgment of the district court. This court requires that counsel inform Guzman-Villa, in writing, of the right to

petition the Supreme Court of the United States for further review. If Guzman-Villa requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Guzman-Villa. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4